May it please the court. I'd like to reserve two and a half minutes of my time for rebuttal. My name is Hank Branham. I'm an assistant federal defender from Great Falls, Montana, and I'm here on behalf of Journey Marie No Runner. This appeal presents two issues. The first is a finding of competency to stand trial immediately appealable under the collateral order doctrine. And the second issue is the defendant, with no memory of the events of the alleged crime, able to assist in her defense and, therefore, competent to stand trial. The immediate appeal issue is a matter of first impression in this court. It appears that the parties agree on the standard. Nobody's tried it before. Because nobody's tried it before. I'm sure that's true. That tells you something, too, doesn't it? Well, it tells me that it's rare that someone felt that it was important to do, and the reason I felt that way is because Ms. No Runner, the government's medical examiner at the federal prison in Seattle, found she has absolutely no memory. Does that render her per se incompetent? Not per se. Well, then what is it that is final about this decision? Well, the doctor's opinion was that her prognosis is neutral, meaning But what is the issue is whether she can assist in her defense. Correct. Okay, if it's true that she will never recover her memory, is it your position, if we assume that she will never recover her memory, is it your position that she can never be tried because she can never assist in her defense? Yes. Okay, so your view is that it's a permanent condition, lack of memory, therefore she can never be tried. Well, at this stage of the proceedings, I think the next step under the statutory scheme would be she get another evaluation to see if that's really the case, that's whether or not she will improve. But her current condition today, yes, it is our position that she cannot assist because she has no memory of what happened, and I think that's undisputed. Well, the district court took a look at I think it's a Seventh Circuit case and relied on that for the notion that amnesia should not be in and of itself a disqualifier. The Seventh Circuit has more recently modified that opinion, and it talks about evaluation of the impact of amnesia in terms of the issue of being able to assist in the defendant's defense. And it says there are various things you look at. Are there other ways to address the problems that may arise in the lack of memory, ways to establish, for example, whatever that the defendant herself couldn't furnish? Are there other sources? Those are things that are not in the record here as far as I can tell as to exactly how her absence of memory is going to actually prejudice the defense. She can communicate currently. She understands the nature of the proceedings. So isn't it your argument that there's something critical to her defense that can't be supplied in any other fashion? Yes, and that's specifically on the theft count. She cannot tell me, assist me, and whatever her understanding may have been of her legal right to possess that vehicle. And that's a specific intent crime. So she can't tell me, for instance, the host of the party gave her the keys, the owner of the vehicle gave her the keys and said, go buy some more beer. Or someone else may have said, hey, use my car, and it wasn't that person's car. Is that all the basis for an affirmative defense or something at trial? Well, no. I would say it's lack of ‑‑ it would show her lack of mens rea, and that's a pillar or an element of the government's case. So I don't think it would necessarily be an affirmative defense. Let me ask you this. Suppose you go to trial, and there's an appeal, and you're challenging either the evidentiary finding of no competency or the basis that the judge relied on for no competency or the test that the judge applied. Why can't they just all be reviewed post-trial? I mean, what's wrong with that? Because if she really is incompetent, she's been forced to sit through a trial that she shouldn't have had to go through. Well, where does she have a right to sit through a trial? I'm guessing that just about every criminal defendant feels he's going through a trial he shouldn't have to sit through. I didn't do it. Why am I being put on trial? Well, I think most criminal defense lawyers will tell you that's what their clients say. And why should I, an innocent person, not ‑‑ how is this different from any other case involving a ‑‑ involving a ‑‑ some sort of error in the trial process? I mean, double jeopardy is in the Constitution. And the Supreme Court has said that is a constitutional right, not merely not to be convicted but not to stay in trial. So if you stay in trial and then you have an appeal after that, your right has been forfeited because it's a right not to be tried. But there is no right not to be tried because you're innocent or because you claim you're innocent or because you have some disability in helping your lawyer with your defense. There's no constitutional right like that. No, or I'd be out of a job. But there is ‑‑ You don't get a lot of people calling up and saying, I'm guilty, get me off, you know, see if you can find a loophole. I'm not ‑‑ never mind, don't answer what your clients tell you. But ‑‑ Well, Your Honor, in the ‑‑ Abney's is an exception. I mean, you know, the double jeopardy cases are an exception and it's a constitutional exception. I can't think of any other situation where there is a constitutional right not to stay in trial and, therefore, an immediate appeal. Well, this is rooted, of course, in the Due Process Clause. And this Court, and I believe it was April, and Godinez-Ortiz, which the facts are fairly close, allowed an interlocutory appeal when there was to be a dangerousness evaluation. And the Supreme Court, the third prong of the Coopers and Librand, which, of course, is the interlocutory appeal test, in Midland Asphalt, the Court at least referred to a right not to be tried. So that's ‑‑ I think it's not just double jeopardy, but it is, indeed, a very minor, very small percentage of cases which could be carved out or which have been allowed to be carved out. And how would you define the group of cases? You say it's a small group, but to me it sounds like a large group. What would be the ‑‑ Well, the number of exceptions or the number of allowed interlocutory appeals is fairly small. Well, not if we rule in your favor. In your favor, if we rule in your favor, then the number will jump. Because I don't know how I would distinguish this from the case where the guy says, look, I can't help my lawyer because I didn't do it. I don't know anything about this crime. I was in Kansas talking to a man behind a curtain. You know, so I shouldn't have to stand trial. I can't help. How is that ‑‑ I don't get it. The difference here is we've got a medical opinion saying her claim of lack of memory is accurate. No, that's not a ‑‑ that's simply a definition of your case. How do you define the class of cases that are like your cases of the medical opinion cases? I mean, how is somebody who doesn't remember any different from somebody who just wasn't there? Now, I don't know. They arrested me for this, for having committed this crime in Portland. And I tell you for a fact, I was in Eugene. How is that different? That person can prove at trial that they're alibis good. Myself, watching TV in a hotel room, the assumed name. You know, they can so say. I was in the middle of the wilderness. I was in the Mojave Desert by myself, communing with nature. Perhaps the Appalachian Trail. They can tell their lawyer that. Let's not go there. They can tell their lawyer that. That's the difference. You've got about a minute. Yeah, I'd like to reserve it, Your Honor. I'll give you a full minute. I'll give you a second right there. May it please the Court. Good morning, Your Honors. My name is Vince Carroll. I'm an assistant U.S. attorney from the District of Montana, and I represent the government in this matter. And I'm also a trial counsel in the District Court. As I set out in the brief, the Court doesn't have jurisdiction over this matter because this order doesn't satisfy the collateral doctrine test, particularly with respect to the first and the third elements of that test, or the factors of that test. And if this Court determines that it, in fact, has jurisdiction, then alternatively the record shows that the District Court did not commit clear error in finding the defendant competent based on the information available to it at the time of the hearing. With regard to the collateral order doctrine, the first element that is at issue is whether or not the order conclusively determines the disputed question. The nature of the claim, or the nature of the right asserted here, that the defendant is incompetent based solely on amnesia is the District Court's determination of that. It's not conclusive in the sense that there are other issues that it's not final. As the Court is aware, the District Court has an obligation throughout the trial, and even post-trial, to determine the competency of a defendant. If there is information that comes up at trial, several of the cases cited in the briefs talk about information that came up at trial that shows that a defendant is incompetent, even after a competency determination has been made, the District Court is required to take that into consideration. So as far as finality or a complete or conclusive determination, it doesn't meet that factor. The problem I have with the District Court's statement during the hearing, because he's reading from the Seventh Circuit case, I can't tell clearly whether the District Court is saying, as a matter of law, if all she ever shows during the course of trial is amnesia and inability to recall the events that are at issue in the case, that will never be the basis for incompetency, or whether he is saying that it is not per se, at the front end of trial, the basis for finding her incompetent. So I'm not sure whether the District Court in this case, should it come out in the course of trial that her inability to remember is in fact prejudicial to her defense, whether the District Court would then exercise its discretion and actual obligation to find that she is now established that she's incompetent. I'm particularly troubled because the Seventh Circuit case, as I indicated, that the District Court particularly relied upon, has been superseded in the Seventh Circuit by a much more nuanced case, which does in fact contemplate that there may be circumstances where amnesia could be a basis, but it looks to other factors to see whether or not the disability can be corrected, and I'm not sure whether the District Court is aware of that. Your Honor, that's a matter that obviously can be addressed after a trial in the matter. Once the information has come out in trial, and once all of that record has been complete as far as the information about Well, it may be, but I'm addressing your point that it's not a final disposition because the District Court can always change its evaluation, but if in fact the District Court has declared as a matter of law that the one disability is never going to be a basis for it, then I'm not sure that we can rely on the fact that it's his obligation to assess throughout trial. He's already made his mind up, so that's what's troubling me. Yes, then we go to the third prong as to whether or not that error is reviewable on appeal, and there's some concern in the cases about, well, it's a little hard to second-guess it after trial to figure out exactly whether it was prejudicial and whether it can be remedied. But I'm going to the first point, which is whether or not the way the District Court articulated the law, whether it needs And, of course, if we don't have jurisdiction, I'm not sure how we communicate. It's more nuanced than the District Court may have thought. Yes, Your Honor. I think even assuming, or I think either way, even if the District Court held as a matter of law that amnesia does not constitute a valid basis for holding the defendant incompetent, or if the District Court meant that amnesia, along with other, I guess, other factors, available to the court at the time of the hearing shows that she's competent to stand trial. I think in either situation it doesn't rise to the level of a final determination because of the responsibility of the District Court, that the District Court has to monitor this basically throughout the trial. And, again, it goes to that third prong as well, that it's something that can be reviewed on appeal after all the information has come out during the trial. What's the remedy? I'm sorry? What's the remedy? If there's a trial, the competency determination? If there's a conviction and it's determined that throughout, it comes out during trial that the defendant is incompetent, then it goes into the, I would assume it goes into the realm of the 4241 and the other, the other statutes that deal with a situation where a defendant is found to be incompetent. There are determinations on whether or not this common... What happens at trial? The trial, there's no, the trial, the result stands? I mean, there's... I'm sorry, Your Honor? My question is what happens to the trial if it's later determined that she was incompetent? What happens? What's the remedy? She gets a new trial? Then... The conviction's vacated? The conviction would be vacated if it's determined that she's incompetent. That she was incompetent during the course of the trial? If she was determined to be incompetent during the course of the trial, then either the trial would be placed on hold or it would be vacated, I would assume. And the appellate court could make that determination contrary to the determination of the district court? Yes, Your Honor. If there's a... It would be a record. Obviously, it would come to the court for the court's review to determine if there was substantial evidence of incompetence and whether or not the district court committed, you know, error or clear error. Your Honor, if there are no further questions, those are all the remarks that I have for the court. Do you concede that a lack of memory is a form of incompetence? No, Your Honor. Amnesia about the event is incompetence? No, Your Honor. For the fact that there are other ways... It's a mental condition. I mean, something having to do with the brain. And we know that being... There are certain forms of mental illness or mental defect that do cause one to be incompetent, right? Yes, Your Honor. That's, in fact, the normal case of incompetence. I mean, a person talking to spirits or, you know, doesn't realize... I mean, it's really crazy. I mean, that's your typical case of incompetence, right? Yes, Your Honor. How is amnesia different? Amnesia, unless it affects the defendant's ability to aid in her defense or to... Well, it does impair her ability to aid in her defense. If she doesn't remember anything about the event, this will naturally impair her ability to help. That's true, Your Honor. It would impair her ability, but that doesn't mean that she's necessarily prejudiced by that non-memory. There are other, as the factors point out, there are other ways to get testimony from, you know, to basically reconstruct. But it doesn't matter. If somebody is mentally incompetent, they're really schizophrenic, they're crazy. I mean, they're talking to dead people. It doesn't matter. You could have a videotape of the crime. They can't stand trial because they're not there, right? So it's not a question of prejudice. Incompetence has nothing to do with prejudice. I mean, there's no direct relationship. I think it's more, I guess, to answer your question, I guess I would concede that, to a degree, amnesia can affect a person's ability to aid in their defense. But I guess the other factors the court would look at would address that, could be used to, I guess, to address that issue, if that makes sense. No, it doesn't. The question I ask is, is amnesia a form of incompetence? Do you consider that? And we talked about the sort of typical case of incompetence, which is if somebody has got a mental condition, where they're not able to stand trial because they're just not there. They talk to dead people. They don't operate in the here and now. And that's a case where we'd say you can't stand trial. You can't put that person on trial. It doesn't matter if they can help their lawyer or not. It doesn't matter whether we know exactly what they did, whether we have a hundred bishops who watch the events in a videotape. It doesn't matter. The point is they can't be put on trial because they are not competent. They don't have the mental competence to stand trial. And what I was asking you is, do you concede that amnesia about the event is a form of incompetence? I'm asking you what is the position in the United States on that basic question? No, Your Honor. The position of the United States would be that amnesia in that sense is not a form of incompetence. Okay. Thank you. Thank you, Your Honor. Okay. You've got a minute for rebuttal. Thank you, Your Honor. With respect to the Seventh Circuit cases that Judge Fischer mentioned, I think both of them state or refer to the amnesia in those cases as alleged amnesia. And that's not the case before the Court. There's no dispute. She does not remember, and there's a medical basis for it. The government had the burden at the hearing. And as I see the issues in this case, the first one, whether or not it's a proper appeal, that's more of a global issue. And then the specific of this case, did the government carry its burden at the hearing to show that she is competent? Let's say the interlocutory appeal is not proper. If one then sits through a trial, that's why we made the double jeopardy analogy in our brief. You've gone through a trial that it later turns out you shouldn't have gone through. That's your harm. With respect to the car accident, her amnesia, she can't tell. Say, for instance, I picked someone up, gave them a ride. They said, my gosh, you're drunk, don't drive. They switched seats, and she wasn't really driving. Those are the types of things she's unable to assist me with. But that happens all the time in criminal cases. We had a case recently where the guy wakes up, and he's surrounded by police and a bunch of weapons. And he says, I've been asleep. I didn't, you know, the weapons were just laid on me. I think that's still a pending case. But anyway, it's an opinion out there, so it's not, you know, we can talk about it, because we have an opinion that puts that section. He says, I don't know. I fell asleep. I wake up. Here I am with these weapons. How is that different? I mean, you know, lots of times the defendant will be asleep, will be drunk, will be under the influence of drugs, illegal drugs or legal medication. And some part of the history that would be very useful for him to remember, he can't remember. How is that, how is your client in a different position from all those people? Here we've got a medical expert saying she can't remember. Well, I mean, you don't need a medical expert to prove that somebody who's asleep doesn't remember what happens around them when they're asleep. We all have this common experience. Stuff happens. You know, you've had this happen. You wake up and there's somebody in your room. You know, you weren't aware. Well, I'm sure most people have. You know, your son or, you know, someone in the family, you know, you sort of wake up and there's your son standing by your bed saying, Dad, wake up. You know, you didn't realize you walked in because you were asleep. I mean, that's very common. How is that? That's not a crime. No, no, I'm just saying you don't need an expert to prove up that somebody who's asleep doesn't know what's happening around them while they're asleep in the room. I suppose the difference, part of the difference is when that person went to sleep, that was a voluntary act. Went to sleep. Going into a coma for a month was not a voluntary act by Ms. No Runner. And that's so she is unable to assist, not because perhaps being asleep, some normal action, but some very tragic, violent interruption in her normal course of conduct. And that has rendered her unable to remember anything. Okay, thank you. Thank you, Your Honors. Thank you. Questions?
judges: Kozinski, Fisher, Paez